250

ANDERSON v. BING et al.—244 S. W. (2d) 187.

Middle Section.   July 27, 1951.

Rehearing  denied  August  31,  1951.

Petition for Certiorari denied by Supreme Court, December 14, 1951.

Tyree B. Harris, III, and Walker & Hooker, all of Nashville, for plaintiff in error.

Hofstetter & Hofstetter, of Nashville, for defendants in error.

FELTS, J. L. C. Anderson, doing business as the Exchange Realty Company, brought this action against George Bing and Mrs. George Bing, doing business as Bing's Nursery, to recover upon a check for $500. The check was dated March 16, 1950, drawn on the Third National Bank, payable to the order of L. C. Anderson, in the amount of $500, and signed: "Bing's Nursery by Mrs. George Bing."

The action was brought in the court of general sessions and carried by appeals to the circuit court. There the circuit judge, trying the case without a jury, found the issues in favor of defendants and dismissed plaintiff's action. Plaintiff appealed to this Court.

It appears that plaintiff Anderson was a real estate broker. Acting as agent for James Gold, he negotiated

an agreement for the sale of a tract of land by Gold to Mrs. George Bing. This check was for earnest money and was conditionally delivered by Mrs. Bing to Anderson, such condition being written on the face of the check as follows: "For earnest money on farm in Cheatham Cty, Pleasant View, check to be returned if deal is not consummated."

On the next day, March 17, 1950, the parties reduced their agreement to writing. A day or two later Anderson undertook to collect the proceeds of the check. He endorsed it in blank and deposited it in the Commerce Union Bank to the account of the Exchange Realty Company. But the drawee, the Third National Bank, refused to pay the check because Mrs. Bing had stopped payment on it.

Mrs. Bing testified she decided that the property Gold was about to sell to her had been misrepresented to her. On this account she decided not to buy the property, not to consummate the deal; and she stopped payment on the check because the deal had not been consummated and the condition was that the check was to be returned to her if the deal was not consummated.

Such being the facts, we think the circuit judge properly dismissed the action. It appears without dispute that the delivery of the check by Mrs. Bing to Anderson was conditional, or for a special purpose only, and not for the purpose of transferring to him the property in the instrument. As stated, the condition, written upon the face of the check, was that the check was for earnest money and was to be returned if the deal was not consummated. Such a conditional delivery is provided for by Section 16 of the Uniform Negotiable Instrument Law, Code Section 7340, which is as follows:

"Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between immediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument. * * *"

██ The rest of this section, here omitted from the quotation, provides that when the instrument is in the hands of a holder in due course a delivery of it by all parties prior to him so as to make them liable to him is conclusively presumed. But that provision has no application here. The check was not negotiable, since it was not an unconditional order to pay a sum certain in money, Code Sec. 7325; Hight v. McCulloch, 150 Tenn. 117, 263 S. W. 794. Nor was Anderson a holder in due course.

██ Upon the undisputed evidence it appears that the delivery of this check was conditional, or for a special purpose only, and not for the purpose of transferring to Anderson the property in the instrument. So under Code Section 7340 the check never took effect, never became an order or obligation of Mrs. Bing, because the condition precedent was not fulfilled. Plaintiff Anderson had no right to retain the check or to sue on it but was bound to return it to Mrs. Bing.

The judgment of the circuit court is affirmed. The costs of the appeal in error are adjudged against plaintiff Anderson and the surety on his appeal bond.

Howell and Hickerson, JJ., concur.

254

FELTS, J. Petitioner Anderson submits that we misconstrued the condition: "check to be returned if deal is not consummated." We held this meant the check was to be returned if the sale and transfer of the property were not consummated. He insists it meant that the check was to be returned if the parties did not put their agreement in writing so as to make it binding under the statute of frauds; and that when they did this next day his right to the check became absolute.

██ ██ One of the meanings of the word "deal" is: "Act of buying and selling; a bargain, etc." (Webster's International Dictionary); and the phrase "if deal is not consummated" meant if the bargain, sale or transfer, was not completed; that is, the check was to be returned if the sale and transfer were not carried through.

The petition to rehear is denied at petitioner's cost.

Howell and Hickerson, JJ., concur.